# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:10CR118 |
| Plaintiff, | ) | |
| vs. | ) | TENTATIVE FINDINGS |
| JEFFREY AHLM, | ) | |
| Defendant. | ) | |

The Court has received the Revised Presentence Investigation Report ("PSR"), the Defendant's objections thereto (Filing No. 82), and the Defendant's motion for downward departure (Filing No. 83). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The Defendant objects to ¶¶ 12, 20, 21, and 31 of the PSR. The objections to ¶¶ 12 and 21 of the PSR are denied, as they do not appear in the Addendum to the PSR and therefore were apparently not raised before the probation officer as required under ¶ 4 of the Order on Sentencing Schedule. Moreover, those objections have not affected the sentencing guideline calculation.

The objection to ¶ 20 regards the number of images, according to the probation officer's review of investigative reports and the government's version of the offense. The objection to ¶ 31 relates to the 5-level enhancement under U.S.S.G. § 2G2.2(b)(7)(D) for the number of images, based on the information in ¶ 20. Those objections will be heard at sentencing. However, the Court notes the relevant inconsistencies that appear in the plea agreement. In ¶ V(A) the plea agreement states: "the parties will jointly recommend the following Base Offense Level, [and] Specific Offense Characteristics." However, in the same paragraph, before listing the specific offense characteristics including the 5-level

enhancement under § 2G2.2(b)(7)(D) to which the Defendant objects, the agreement states: "Defendant remains free to argue against the applicability of any of [the listed] enhancements."

IT IS ORDERED:

1. The Defendant's objections to ¶¶ 12 and 21 of the PSR are denied;

2. The Defendant's objections to ¶¶ 20 and 31 of the PSR will be heard at sentencing, and the parties should address the inconsistencies in the plea agreement;

3. The Defendant's motion for downward departure (Filing No. 83) will be heard at sentencing;

4. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

5. Absent submission of the information required by paragraph 4 of this Order, my tentative findings may become final; and

6. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 20th day of September, 2011.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge